IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | MAGISTRATE NO. H-08-212M |
| | § | RULE 5 |
| DOUGLAS ENOR TOBAR | § | |

ORDER OF DETENTION PENDING TRIAL

     In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by a preponderance of the evidence or clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ] A. Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

   [ ] (1)   The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

       [ ]     a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

       [ ]     an offense for which the maximum sentence is life imprisonment or death.

       [ ]     an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

       [ ]     a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1) (A)-(C), or comparable state or local offenses.

   [ ] (2)   The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

   [ ] (3)   A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

   [ ] (4)   Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[ ]      B.      Findings of Fact [18 U.S.C. § 3142(e)]

    [ ] (1)   There is probable cause to believe that the defendant has committed an offense

        [ ]      for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]      under 18 U.S.C. § 924(c).

    [ ] (2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]      C.      Findings of Fact [18 U.S.C. § 3142(f)(2)]

    [X] (1)   Defendant is accused of conspiracy to commit murder in violation of 18 U.S.C. §§ 1117 and 1958.

    [X] (2)   There is a serious risk that the defendant will flee.

    [X] (3)   Defendant represents a danger to the community.

    [ ] (4)   There is a serious risk that the defendant will obstruct or attempt to obstruct justice, threaten, injure, or intimidate a prospective witness or juror, or attempt to do so.

[X]      D.      Findings of Fact [18 U.S.C. § 3142(c)]

    [ ] (1)   As a condition of release of the defendant, bond was set as follows:

    [ ] (2)

    [X] (3)   I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

    [X] (4)   I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

<u>Written Statement of Reasons for Detention</u>

       I find that the accusations in the complaint, the information submitted in the Pretrial Services Agency report, and evidence at the detention hearing establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and by clear and convincing evidence that no conditions will assure the safety of the

community.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1.  Defendant is a 40 year old legal resident of the United States born in El Salvador. He has a degree in Agriculture from the Institute of Oxford in El Salvador. He has lived in the Houston area for 15 years. He is self-employed in a landscaping business. He owns a home valued at $179,670. He and his wife, an illegal immigrant from Mexico, have a two month old child, and he has a 13 year old from a prior relationship for whom he provides financial support. He also provides financial assistance to his father, who lives in El Salvador. He has not returned to El Salvador since immigrating and denies having a passport. He traveled to Mexico in 2003. He admits prior abuse of alcohol and regularly attends alcoholics anonymous meetings.

2.  Defendant has no prior criminal history.

3.  Defendant is currently charged with conspiracy to commit murder in violation of 18 U.S.C. §§ 1117 and 1958. He faces a potential penalty of up to life in prison.

4.  Evidence at the detention hearing and in the criminal complaint, indicates that defendant had been doing landscaping work since 2001 for Narayan Thadani. Thadani repeatedly asked defendant if he knew anyone that could help him get rid of people in Detroit who were suing him. Defendant met Miguel Servando and Nelson Mendoza at alcoholics anonymous in 2007. Defendant knew that Servando had a military background and had talked about doing "crazy stuff." In early 2008, Servando accompanied Tobar to Thadani house and defendant introduced Servando to Thadani. Servando called Tobar on March 11, 2008, the day Aasha and Brij Chhabra were found murdered in Detroit, and said "I did it." Tobar cooperated with investigators to allow two phone conversations with Thadani to be recorded, in which Thadani advised Tobar to remain calm and offered to pay his legal fees.

5.  There is no condition or combination of conditions of release which would assure the appearance of the defendant in court or the safety of the community. Detention is ordered.


<u>Directions Regarding Detention</u>

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person

in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, on March 25, 2008.

Stephen Wm Smith
United States Magistrate Judge